UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN GUNSALUS,

          Plaintiff,

        -v-                                          5:21-CV-1188 (AJB/MJK)

CITY OF SYRACUSE, NEW YORK,

          Defendant.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

BOSMAN LAW FIRM, LLC                AJ BOSMAN, ESQ.
Attorneys for Plaintiff                     ROBERT J. STRUM, ESQ.
3000 McConnellsville Road
Blossvale, NY 13308

BOND SCHOENECK & KING, PLLC      NICHOLAS P. JACOBSON, ESQ.
Attorneys for Defendant
One Lincoln Center
Syracuse, NY 13202

**Hon. Anthony Brindisi, U.S. District Judge:**

## DECISION and ORDER

       On October 31, 2021, plaintiff John Gunsalus ("plaintiff"), a former police officer with the City of Syracuse (the "City") who suffered an on-the-job back injury, filed this civil rights action alleging that known and unknown City leadership officials had denied him a reasonable accommodation for his disability in violation of the Rehabilitation Act and, relatedly, violated his constitutional due process rights under 42 U.S.C. § 1983.  Dkt. No. 1.

       The matter was initially assigned to Senior U.S. District Judge Gary L. Sharpe.  In lieu of an answer, the City official-defendants moved to dismiss plaintiff's complaint for failure to state any plausible claims for relief.  Dkt. No. 13.  Plaintiff, for his part, cross-moved to amend.  Dkt.

No. 18.  Those motions were fully briefed and then granted in part and denied in part by Judge Sharpe on November 15, 2022.  Dkt. No. 20.

There, Judge Sharpe determined that plaintiff's § 1983 claims against the City officials were subject to dismissal.  Dkt. No. 20.  However, Judge Sharpe concluded that plaintiff could maintain a Rehabilitation Act claim against the City for disability discrimination premised on a failure-to-accommodate theory.  *Id*.  As Judge Sharpe explained, plaintiff had plausibly alleged that the City refused to authorize "necessary habilitative devices" to assist him in continuing to work despite the limitations caused by his disability.  *Id*.  Thereafter, plaintiff filed a one-count amended complaint to that effect, Dkt. No. 31, which the City answered, Dkt. No. 34, and the parties went to discovery on plaintiff's remaining claim.[1]  The matter has since been reassigned to this Court for all further proceedings.  Dkt. No. 51.

On December 27, 2024, the City moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  Dkt. No. 50.  There, the City argued that plaintiff's sole remaining claim was "baseless" because discovery had revealed that the "necessary habilitative devices" the City had allegedly refused to authorize were a lift chair or lift bed for use at plaintiff's *home*.  *Id*. at 6–7, 9 (emphasis added).[2]  The City contends that its refusal to authorize these home-use devices cannot form the basis for a valid failure-to-accommodate claim.  *Id*. at 7 (arguing plaintiff "has not identified anything that he was allegedly denied by the City that could constitute a reasonable accommodation based on settled interpretations of the Rehabilitation Act").  In the City's view, plaintiff should be sanctioned because he has "continued to maintain this claim despite having

---

[1]  The caption of plaintiff's amended complaint also names Doe defendants.  Dkt. No. 31.  But the Rehabilitation Act does not provide for individual liability.  *See, e.g.*, *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022).

[2]  Pagination corresponds to CM/ECF headers.

been previously alerted that there was no legally reasonable basis to do so." *Id*. Alternatively, the City argues the Court should *sua sponte* grant summary judgment in its favor. *Id*. at 15–16.

Plaintiff has opposed. Dkt. No. 52. There, plaintiff explains that while discovery is not yet complete, he "expects to prove that the same or similar therapies and habilitative devices" that he was denied "are regularly paid for by the City . . . for other injured officers." *Id*. at 4. In plaintiff's view, the City's motion is procedurally improper, *id*. at 5–6, but in any event should be denied because the devices identified by the City as invalid are merely a detailed description of the same failure-to-accommodate claim that Judge Sharpe already found to be plausible at the pre-answer stage. *Id*. at 7–8. As to the City's request for summary judgment, plaintiff argues the City's request is premature and improper. *Id*. at 14–15.

In its reply, the City argues that its motion for sanctions is procedurally proper and that in any event plaintiff has "failed to identify any authority whatsoever that would support his claim that the City could have been obligated to provide either medical treatment or habilitative devices—a life-assist chair and therapeutic adjustable bed—for use at home as reasonable accommodations under the Rehabilitation Act." Dkt. No. 55 at 1.

"[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Accordingly, Rule 11 "[s]anctions may be— but need not be—imposed when court filings are used for an improper purpose, or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 693 F.3d 58, 63 (2d Cir. 2012) (cleaned up); *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, 628 F. Supp. 3d 501, 521 (S.D.N.Y. 2022) (citation omitted) (explaining that a pleading or other filing "violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith").

To establish a Rule 11(b) violation, it must be "patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." *McKenzie-Morris v. V.P. Records Retail Outlet, Inc.*, 638 F. Supp. 3d 333, 338 (S.D.N.Y. 2022) (citation omitted).  Although Rule 11 sanctions can be pursued "where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that [the claim is] groundless," trial courts "maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy." *Id*.

Measured against this demanding legal standard, the City's motion for sanctions must be denied.  Sanctions are a last resort, not a first impulse.  *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 3d 407, 419 (S.D.N.Y. 2003).  At best, the City's motion raises significant doubts about the merits of plaintiff's remaining claim.[3]  But those doubts are "not appropriately resolved on a motion for sanctions.  Rather, they must be tested at summary judgment or trial." *Diedhiou v. Republic of Senegal*, 2024 WL 3540406, at *4 (S.D.N.Y. July 10, 2024).

Further, to the extent the City has invited the Court to consider summary judgment, that invitation must be declined.  Discovery is not yet complete, *see* Dkt. No. 62, and the dispositive motion deadline has not yet elapsed, Dkt. No. 49.  As plaintiff points out, to consider the City's sanctions motion as a summary judgment request would inadvertently permit an end-run around the Local Rules governing summary judgment, which require, *inter alia*, the parties to submit opposing statements of material facts.  Accordingly, the City's request will be denied without prejudice to renew at an appropriate time in an appropriate manner.

---

[3] For instance, it is unclear on the existing record whether, or to what extent, Section 207-c might render some or all of the City's case law distinguishable or whether, or to what extent, a device that may have been prescribed for work might be permissibly used at home or outside the workplace.

- 5 -

Therefore, it is

ORDERED that

1. Defendant's motion for sanctions (Dkt. No. 50) is DENIED.

The Clerk of the Court is directed to terminate the pending motion

**IT IS SO ORDERED.**

Dated: April 25, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge