UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOHN GUNSALUS,

                Plaintiff,

v.                                          5:21-CV-1188 (AJB/MJK)

CITY OF SYRACUSE *et. al.*

                Defendant.
_____

ROBERT STRUM, ESQ., Bosman Law Firm, LLC., for Plaintiff
NICHOLAS P. JACOBSON, ESQ., Bond Schoeneck & King, for Defendant

MITCHELL J. KATZ, United States Magistrate Judge

## SUMMARY ORDER ON PLAINTIFF'S DISCOVERY REQUESTS

Before the Court is the parties request to resolve their dispute regarding Plaintiff's Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh document production requests.[1] To resolve this dispute, the Court considered:

- Plaintiff's First Set of Requests for Production of Documents dated December 11, 2023;
- Defendant's Response to Plaintiff's Demand for the Production of Documents dated October 22, 2024;
- Plaintiff's Letter Motion seeking to extend paper discovery by 60 days (Dkt. 58);

---

[1] The court presided over a hearing on May 14, 2025. The hearing should have been recorded but due to a technical issue, the recording was not made. The court extended the time to appeal until after this summary decision was docketed.

1

- Defendant's Letter Motion seeking to extend the response date (Dkt. 59);
- Plaintiff's status report (Dkt. 61);
- Judge Brindisi's April 25, 2025 Decision and Order (Dkt. 63);
- Defendant's Status report (Dkt. 64); and
- Counsel's arguments.

After considering the above, the Court sustains Defendants objections to Requests 4, 5, 7, 8, and 10. The Court also sustains Defendant's objection to request 6, except for information concerning "reasonable accommodations."

## **DISCUSSION**

Fed. R. Civ. P. 26 governs discovery. Under that rule, "parties may obtain discovery regarding any non-privileged matter that is *relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). Importantly, the discovery must be "proportional to the needs of the case." *Id.*

To start, Plaintiff alleges that the defendant's failure to provide a lift-assist chair and an adjustable bed—both of which were to be placed in and used at his home—constitutes a violation of the Rehabilitation Act ("RA") and Americans with Disabilities Act ("ADA").[2] In pursuit of his claim, Plaintiff requested, among other things, the following:

---

[2] Plaintiff's claims under New York's General Municipal Law 207-c were previously dismissed.

- The portions of employee files of officers who applied for approval and/or received treatment or payment for any type of physical therapy, from the years 2018 through 2021, containing documentation of any and all injuries sustained by said officers as Police Officers; medical treatment sought and/or received by them in relationship to those injuries; any and all requests for section 207-c benefits and all actions taken in response thereto; any and all requests for coverage, or suggestions to request coverage, from the City's health insurance program and all actions taken in response thereto; and any retirement file, together with all correspondents relevant thereto ("request 4").

- The portions of employee files of officers who apply for approval and/or received treatment for payment of any type of habilitative device, from the year 2018 through 2021, containing documentation of any and all injuries sustained by said officers as Police Officers; medical treatment sought and/or received by them in relationship to their injuries; any and all requests for Section 207-c benefits and all actions taken in response thereto; any and all requests for coverage, or suggestions to request coverage, from the City's health insurance program and all actions taken in response thereto; any retirement file, together with all correspondence relevant thereto ("request 5").

- The portion of employee files of officers who applied for approval and/or received treatment or payment for any type of disability accommodations from the years 2018 through 2021, containing documentation of the request(s) for reasonable accommodation(s); any and all injuries sustained by said officers as Police Officers; Medical treatment sought and or received by the human relationship to their injuries; Any and all requests for Section 207-c benefits and all actions taken in response thereto; any and all requests for coverage, or suggestions to request coverage, from the City's health insurance program and all actions taken in response to thereto; any retirement file, together with all correspondence relevant thereto ("request 6").

- The portion of employee files of officers who have made a complaint of disability-based discrimination from the year 2018 through 2021, containing documentation of the complaint(s); any request(s) for

3

reasonable accommodation(s); any and all injuries sustained by said officers as Police Officers; medical treatment sought and/or received by them in relationship to those injuries; any and all requests for Section 207-c benefits and all actions taken in response thereto; any and all requests for coverage or suggestions to request coverage, from the City's health insurance program and all actions taken in response to thereto; any retirement file, together with all correspondence relevant thereto ("request 7")

- Any and all investigative files pertaining to complaints referenced in Demand No. 7 ("request 8").

- Any and all rules, regulations, guidelines and/or protocol that were used to access [sic] whether medical treatment or habilitative devices are appropriate for payment under Section 207-c, in effect at any time between 2018 through 2021 ("request 9").

(Pl. First Set of Production Request, at 4-5).

Defendant, in contrast, argues that Plaintiff is not entitled to any of this information.

Plaintiff's main contention is that General Municipal Law § 207-c modifies his claims under the RA and the ADA. But this argument is misguided. In brief, Plaintiff's argument is that Defendants violated the ADA when it failed to give him a lift-assist chair and adjustable bed, *to be used at home*. Not so. *See Atencio v. United States Parcel Service,* 198 F. Supp.3d 340, 355-36 (S.D.N.Y. 2016) (finding that a reasonable accommodation is on that modifies the work environment.). In fact, The ADA and RA provide independent legal duties. Therefore, Plaintiff cannot persuasively argue that the General Municipal Law modifies his ADA and

4

RA claims. And because he cannot, his discovery demands—which seek information related to his General Municipal Law claims—are inappropriate under Rule 26. As a result, Defendant's objection on this ground is sustained.

Defendant also argues that Plaintiff's demand for non-party personnel information should be denied because it contains sensitive medical information. This Court agrees. *See, e.g., Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72-3 (S.D.N.Y. 2010) (acknowledging the privacy interest in personnel files) (collecting cases). Again, the Court sustains Defendant's objection.

Beyond that, Defendant argues that Plaintiff's demands should be denied because they are tantamount to a "fishing expedition." Indeed, Plaintiff has not stated a workplace accommodation that he was denied, yet he seeks medical records, physical therapy records, claims files, independent medical examinations, retirement files, and injury documents. Simply put, none of these categories of documents seek information relevant to Plaintiff's claims. *See, e.g., Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER/JLC), 2016 WL 303114 at *2 (S.D.N.Y. Jan. 25, 2016) (finding that "blanket request" are overbroad and serve as "an independent basis" to deny subpoenas for documents). So the Court sustains this objection for the reasons argued by defendant.

\* \* \*

Finally, the Court addresses Request 6. Noting footnote 3 in Judge Brindisi's decision at page 4 of docket 63, the Court, at the hearing sustained, the objection made by Defendant, except that it reserved decision on this request to the extent it seeks information about "reasonable accommodations." Also the Court ordered counsel to confer with respect to the same and advise the Court accordingly. On May 28, 2025 Defendant advised the Court that the parties met, discussed Plaintiff sixth demand for production, and were not able to agree on the scope of the demand. But on further review, the Court reverses course. It finds that Request 6—like Plaintiff's other requests—is overbroad and seeks information that the Plaintiff is not entitled to. The use of the phrase "reasonable accommodations" is not magic. It does not allow the Plaintiff to access information it is not otherwise entitled too. So for the reasons argued, the Court sustains Defendant's objection.

\* \* \*

To conclude, Defendants objections to Requests 4, 5, 6, 7, 8 and 10 are sustained.

Dated: May 30, 2025

                                                                                    _____
                                                                                    Hon. Mitchell J. Katz
                                                                                    U.S. Magistrate Judge